IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21 CR 41 |
| ) | |
| RONALD MORGAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In December 2021, Ronald Morgan pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court imposed a sentence of 96 months of imprisonment. Morgan has now moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The government does not oppose the motion and recommends a reduced sentence of 80 months. For the reasons below, the Court grants Morgan's motion and reduces his sentence to 80 months, leaving all other aspects of the original judgment unchanged.

## Background

On June 15, 2020, Chicago Police Department officers on patrol saw Ronald Morgan standing near 817 East 79th Street in Chicago, Illinois. Officers observed Morgan conduct a hand-to-hand exchange with another individual, exchanging a clear plastic bag containing marijuana for cash. An officer asked Morgan to approach. Morgan ran instead. The officer saw Morgan reach into his waistband, heard a firearm

discharge, and smelled gunpowder. Ammunition struck the ground and caused rocks and debris to hit the face and hands of the pursuing officer. Morgan was arrested and searched. Officers recovered a loaded Glock Model 43 9mm caliber semi-automatic pistol with the serial number ACTG977, which was manufactured in Georgia. The weapon contained seven rounds of live ammunition and a spent casing. At the time of his arrest, Morgan knew that he had a prior conviction for a crime punishable by a term of imprisonment exceeding one year.

In January 2021, a grand jury returned an indictment charging Morgan with one count of being a felon in possession of a firearm in violation of section 922(g)(1). In December 2021, Morgan pled guilty to this charge. The defense requested a sentence of 60 months of imprisonment and three years of supervised release. The government sought a sentence of 180 to 188 months of imprisonment and two to five years of supervised release. The government argued that Morgan faced a 180-month mandatory minimum under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), implemented in U.S.S.G. § 4B1.4(b)(3)(B), as he had three prior convictions for violent felonies, namely, two convictions for armed robbery and one for attempted armed robbery. The Court concluded that the Act did not apply, dkt. 66 at 36, as Morgan's armed robbery convictions, which occurred at approximately the same time on the same date, were not "committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1).

The Court calculated a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because Morgan had two prior felony convictions for crimes of violence. The Court applied a two-level enhancement for "creat[ing] a substantial risk of death or serious

2

bodily injury while fleeing from a law enforcement officer[.]"  *See* U.S.S.G. § 3C1.2.  The Court also applied a three-level reduction for timely acceptance of responsibility under U.S.S.G. § 3E1.1(a)-(b).  After reviewing body camera footage and finding that the evidence did not support a finding of recklessness relating to Morgan's discharge of the firearm, the Court declined to apply a four-level enhancement under U.S.S.G. § 2K2.1(b)(6).  The offense level was therefore 23.

The Court determined that Morgan had ten criminal history points.  He received three points for the two 2015 armed robberies, which were considered a single sentence under U.S.S.G. § 4A1.2(a)(2) because the sentences were imposed on the same day; an additional one point under U.S.S.G. § 4A1.1(e) because the robberies were crimes of violence treated as a single sentence; one point for a retail theft conviction; and three points for the attempted armed robbery conviction.  Morgan received two more points under U.S.S.G. § 4A1.1.(d) as a defendant with seven or more criminal history points who committed the instant offense while under a criminal justice sentence, as he was on parole in June 2020 when he committed the offense of conviction.  His ten criminal history points placed him in criminal history category V.

The advisory Guidelines range was 84 to 105 months.  *See* dkt. 66, 37:15.  The Court imposed a sentence of 96 months of imprisonment and three years of supervised release.  *See* dkt. 55.  The Court imposed this sentence with the understanding that Morgan would get 23 months of credit for time he had served in state and federal custody while awaiting disposition of the case.  *Id.*

In June 2022, Morgan sought compassionate release based on medical conditions including chronic hypertension and the fact that he had contracted COVID-19

in December 2021. Dkt. 61. The Court denied the motion, observing that Morgan had denied any serious or chronic illnesses or medical conditions when interviewed by the probation officer for the presentence report and that the COVID-19 vaccine had been available to him while incarcerated. Dkt. 64.

In July 2025, Morgan filed the present motion seeking a sentence reduction based on a post-sentencing amendment to the Guidelines.

## Discussion

Section 3582(c)(2) permits "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" to move for a sentence reduction. 18 U.S.C. § 3582(c)(2). "[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

*Dillon v. United States*, 560 U.S. 817 (2010), outlined a two-step inquiry for district courts adjudicating motions under section 3582(c)(2). Guided by U.S.S.G. § 1B1.10, a district court should first calculate the Guideline range that would have applied if the later amendment had been in effect at sentencing, leaving other Guideline applications unchanged. *Dillon*, 560 U.S. at 827. A district court should then consider any applicable section 3553(a) factors to determine whether a sentence reduction is warranted. *Id.* With limited exceptions, a sentence may not be reduced where the Guideline range is not affected by the amendment. U.S.S.G. § 1B1.10(b)(2).

Beginning at step one, Morgan invokes Part A of Amendment 821, which is a

4

permissible basis for a sentence reduction under section 1B1.10(d) if the reduction is effective February 1, 2024 or later. *See* U.S.S.G. § 1B1.10(e)(2). Amendment 821 altered the criminal history calculation under U.S.S.G. § 4A1.1. At the time Morgan was sentenced, U.S.S.G. § 4A1.1.(d) required a two-point enhancement to his criminal history score as he had seven or more criminal history points and committed the instant offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1.(d) (2021). Under Amendment 821, a defendant who received seven or more criminal history points and committed the instant offense under a criminal justice sentence now receives only one additional point. U.S.S.G. § 4A1.1.(e) (2023). If the amendment had been in effect at the time of sentencing, Morgan would have had nine criminal history points instead of ten, which would have placed him in criminal history category IV instead of V. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table (2021). His advisory Guideline range would be reduced from 84 to 105 months to 70 to 87 months. *Id.* This disparity warrants proceeding to step two of the *Dillon* analysis.

  The parties provide scant analysis of the section 3553(a) factors. Morgan does not mention them at all, and the government only briefly references Morgan's disciplinary issues while incarcerated, which include fighting and assaulting a staff member. But considering the change in the Guideline range and the Commission's pertinent policy statement, which create unwarranted sentencing disparities between Morgan and similarly situated individuals sentenced today, the Court concludes that a sentence reduction is warranted under section 3553(a).

  The Court cannot reduce Morgan's sentence below 70 months, the lower end of the amended Guideline range. *See* U.S.S.G. § 1B1.10(b)(2). And a reduction that

5

approaches 70 months would be inappropriate given the seriousness of the offense and Morgan's criminal history. At sentencing, the Court found the offense to be a "really serious crime," as standing with a loaded gun on the street "poses a significant danger for violence." Dkt. 66, 53:4, 53:16. Whether purposefully or accidentally, Morgan fired a shot while running with the loaded gun; this could have seriously harmed pursuing officers, bystanders, or himself. Morgan also had a history of serious crimes involving weapons. *Id.*, 54:2–54:6. At sentencing, the Court found, "I don't think a sentence below that range [of 84 to 105 months] is appropriate given the prior record and the seriousness of this crime." *Id.*, 57:15–17. Although the seriousness of the offense is unchanged, to ensure consistency with the sentences of other defendants under Amendment 821, the Court alters Morgan's sentence so that it falls, like his original sentence, just above the middle of the applicable advisory Guidelines range. The Court therefore reduces Morgan's sentence of imprisonment to 80 months.

## Conclusion

For the foregoing reasons, the Court grants Ronald Morgan's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) [dkt. no. 73] and reduces his sentence of imprisonment to a term of 80 months. The supervised release term and all other aspects of the original judgment remain unchanged. The Clerk is directed to send a copy of this order to: Ronald Morgan; No. 27701-509; USP Hazelton, PO Box 2000; Bruceton Mills, WV 26525.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 12, 2025